By the Court.
It is objected in this case that the plaintiff has no standing to make this contest; that under Rev. Stat., section 1778, he should ask the city solicitor to bring this suit, and can only do it himself on being refused. That section applies to a tax payers’ right to bring a suit to protect the public interest, and not to this ease where the plaintiff has this personal interest in this controversy that he claims to be the lowest bidder, to whom this contract should be awarded, if to any one. In 21 Ohio St. 324, the court says : “ In no other manner can the right of bidders and the manifest policy of the statute in relation to the public interest be adequately secured and conferred” ; and in 18 Ohio St. 390, it is plainly stated that an injunction is a proper remedy. As a taxpayer without any special interest he could only sue under Revised Statutes, section 1778.
The obvious purpose of the statute, 88 Ohio Laws. 105, sections 75 and 76, is to invite competition in the purchase of material by the city. This competition is obtained by requiring all bidders to name a price for which the specific article designated will be furnished. It is then easy to determine the lowest and best bid for furnishing the same material.
It is manifest that there is a marked difference between the commercial value of new and second-hand water-pipe. The *674 specifications plainly contemplate that the pipe is to be new, and so manufactured as to be inspected during the process of manufacture. The bid of Clow & Son proposes to furnish second-hand pipe. Under specifications calling for new pipe, a bid received for furnishing second-hand pipe is without any competition with others of the same class, and should be excluded as not conforming to the specifications.
Burke & Ingersoll, for plaintiff in error.
Lawrence, Estep, Weh & Henry, for defendant in error.
If the City will waive conditions materially affecting the price, that fact should be known before the bids are made, and should appear in the advertisement or specifications. Authorities are cited showing that certain formal defects in bids may be waived. This waiver of formal defects does not apply to changes in the requirements of the advertisement and specifications so material as to materially affect the price. The temporary injunction will be granted.